[No. 20885.   In Bank. — October 15, 1891.]

## Ex parte EDGAR B. HAYMOND, on Habeas Corpus.

Grand Jury — Competency to Act — De Facto Body — Rights of Witness. — When a court having legal authority to impanel a grand jury has sworn and impaneled a competent number of persons as such, and itself recognizing the body so formed as a lawful grand jury, charges it with the duties of a grand jury, and it is engaged in the performance of such duties, it is a *de facto* grand jury, and a person summoned to testify before it cannot raise the question of its competency to act.

Id. — Contempt — Habeas Corpus. — A witness so summoned is guilty of contempt for refusal to appear and testify before the grand jury on the ground that the grand jury is not a lawful body, and when fined and imprisoned for such contempt, he is lawfully convicted, and cannot be discharged from custody upon writ of *habeas corpus*.

Application to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Creed Haymond*, and *Edgar B. Haymond, in pro. per.*, for Petitioner, cited a decision rendered in the superior court of the city and county of San Francisco, in the *Matter of Richard Chute, on Habeas Corpus;* also *State* v.

XCI. Cal.—35

*Hultz,* Supt. Ct. Mo., June 30, 1891, and *State* v. *Carroll,* 38 Conn. 449; 9 Am. Rep. 409, and cases therein cited.

*A. L. Rhodes,* for Respondent.

The judgment and orders of the court or judge, made in matters of contempt, are final and conclusive. (Code Civ. Proc., sec. 1222. See also *Ex parte Vance,* 88 Cal. 281; *Ex parte Henshaw,* 73 Cal. 486; *Ex parte Sternes,* 77 Cal. 156; 11 Am. St. Rep. 251.) Judgment for contempt is a judgment in a criminal case. (*Ex parte Hollis,* 59 Cal. 408; *Ex parte Ah Men,* 77 Cal. 200; 11 Am. St. Rep. 263.) The same rule applies as to attacks upon judgments in contempt as to judgments in other cases. (*Ex parte Sternes,* 77 Cal. 156; 11 Am. St. Rep. 251.) The facts stated in the judgment for contempt are conclusive, and the sufficiency of evidence to support them is not reviewable in *habeas corpus.* (*Ex parte Acock,* 84 Cal. 50.) The only question in *habeas corpus* upon commitment for contempt is that of jurisdiction. (*Ex parte Perkins,* 18 Cal. 63; *Ex parte Sternes,* 77 Cal. 156; 11 Am. St. Rep. 251; *Ex parte Hollis,* 59 Cal. 407.) The jurisdiction of the court to impanel the grand jury is conceded by petitioner. All else is procedure, which may be erroneous, but not void. It was found by the court, in contempt proceeding, that the grand jury was duly impaneled. That finding is conclusive here. A person may be punished for refusing to be sworn as a witness. (*Ex parte Stice,* 70 Cal. 51.)

*Attorney-General Hart,* also for Respondent.

A witness before the grand jury cannot question its validity on contempt proceeding. (*In re Gannon,* 69 Cal. 541.) The grand jury's validity cannot be drawn in question on *habeas corpus,* the same being a collateral attack. Jurisdiction of a court rendering judgment cannot be questioned on a collateral attack. (*Ex parte Sternes,* 77 Cal. 156; 11 Am. St. Rep. 251; *Ex parte Wilson,* 140 U. S. 575, 582; *In re Del Gada,* 140 U. S. 586, 588.) A grand jury impaneled in the manner of the one

at bar is a legal and valid grand jury. (Code Civ. Proc., secs. 226, 241; *People* v. *McDonell*, 47 Cal. 134, 136; *People* v. *Ah Chung*, 54 Cal. 398, 401; *Levy* v. *Wilson*, 69 Cal. 105, 111; *In re Gannon*, 69 Cal. 541; *People* v. *Southwell*, 46 Cal. 141, 150, 151; *Jones* v. *State*, 18 Fla. 889; *People* v. *Dolan*, 6 Hun, 232; *People* v. *Hooghkirk*, 97 N. Y. 149; 49 Am. Rep. 517.) Even a defendant indicted by a grand jury such as the one under consideration could not question the formation of the grand jury. (*People* v. *Goldenson*, 76 Cal. 328, 344; *People* v. *Southwell*, 46 Cal. 142; *People* v. *Colby*, 54 Cal. 37, 38; *People* v. *Hunter*, 54 Cal. 65; *People* v. *McDonell*, 47 Cal. 134, 136; *People* v. *Ah Chung*, 54 Cal. 398, 401; *Levy* v. *Wilson*, 69 Cal. 105, 111.)

The Court. — The petitioner was subpœnaed as a witness before the grand jury of San Francisco. He refused to appear and testify, upon the ground that, in his opinion, the grand jury was not a lawful body. For this refusal he was convicted of a contempt of the superior court, and sentenced to fine and imprisonment. Thereupon he sued out this writ, under which he prays to be discharged from custody.

It is not controverted that he must be remanded and the writ discharged, unless he can show that the superior court exceeded its jurisdiction in the contempt proceeding.

In order to do this, petitioner offered in evidence the record of the proceedings of the superior court in ordering, selecting, summoning, and impaneling the alleged grand jury, from which he contends that it appears the superior court was guilty of such grave irregularities and violations of plain statutory provisions that the body of men by it sworn and impaneled is not even a *de facto* grand jury. Without passing upon the question whether the grand jury before whom the petitioner was summoned to appear was impaneled in accordance with the provisions of the law relating to that subject, it is sufficient for us to say that such body has certainly a *de facto*

existence, and this being so, the witness was clearly guilty of contempt in refusing to testify.

When a court having legal authority to impanel a grand jury has sworn and impaneled a competent number of persons as such, and itself recognizing the body so formed as a lawful grand jury, charges it with the duties of a grand jury, and it is engaged in the performance of such duties, a person summoned to testify before it cannot raise the question of its competency to act. His duty is to testify as required, leaving the question of the legality of the grand jury to be tested in the modes provided by law by those who may have an interest in the question.

The petitioner, on his own showing, has been regularly and properly convicted, and must be remanded.

Writ discharged, and prisoner remanded.